Sandy D. Baggett
P.O. Box 1069
Spokane, WA 99201
sandy@sandybaggett.com
(509) 822-9022

# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br><br>Plaintiff,<br><br>v.<br><br>**CHANTEL LYNN FIELDS**,<br><br>Defendant. | No. 3:25-CR-00050-SLG-KFR<br><br>Memorandum in Support of Motion for Release from Detention<br><br>Date: September 2, 2025<br>Time: 1:30 p.m. |

The defendant has requested a detention hearing to challenge the government's motion for detention pending trial. A hearing is set for September 2, 2025, at 1:30 p.m.

**Proposed Release Plan**

The defendant, Chantel Lynn Fields, submits the following release plan and request for release from detention pending trial. The defendant proposes to live with her sister, Devaine Harris, in Anchorage. The defendant's employer at the time of her arrest, Redtail Residential, has indicated that the defendant can have her job back if she is released, and she also intends to work in the kitchen at the Blueline Pub, where her sister is a manager. The defendant proposes to be on electronic monitoring while on release, and she agrees to a condition that she remain at the residence other than to go to work, go to medical appointments, go to court hearings, purchase food, and attend to needs of her six year old son who is currently in the temporary custody of her mother, Teresa Kirchner. Prior to the defendant's arrest, she was the primary caregiver to her son. The defendant's sister also agrees to be a third-party custodian.

**Discussion**

The Bail Reform Act, 18 U.S.C. §§ 3141–3150, 3156, governs detention pending trial and provides that a defendant shall be released unless the court "finds that no condition or combination of conditions will reasonably assure the

appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e); *see also U.S. v. Gebro*, 948 F. 2d 1118, 1121 (9th Cir. 1991); *U.S. v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985). Here, the defendant agrees that the United States may seek the defendant's detention because the case involves a specified crime under the Controlled Substances Act. See ECF No. 4; 18 U.S.C. § 3142(f)(1)(C).

The United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(A), asserting this case involves an offense under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. See ECF No. 7. The defendant agrees that the rebuttable presumption applies in the instant case pursuant to 18 U.S.C. § 3142(e)(3)(A). Although the presumption of detention shifts the burden of production to the defendant, the ultimate burden of persuasion on the defendant's risk of nonappearance and danger to the community remains with the government. *U.S. v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (quoting *U.S. v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

To guide the court's determination as to whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the

community, the court should consider: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether the defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by defendant's release. See 18 U.S.C. § 3142(g).

a) **Nature and Circumstances of the Charged Offenses and Weight of the Evidence**

The weight of the evidence is the least important factor regarding detention. *See Motamedi*, 767 F.2d at 1407; *U.S. v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). While the nature and circumstances of the events proffered by the government appear serious, the defendant is not alleged to be involved in the most serious conduct in their proffer. The proffer also makes it appear that the weight of the evidence is great. However, the defendant has requested to see some of the evidence underlying the government's proffer prior to the hearing, because it is apparent that some facts alleged by the government are wrong or false. The defendant has not yet

been provided with the requested evidence to review in order to be able to more fully respond for the purpose of detention.

**b) Defendant's History and Characteristics**

The defendant is 36 years old and has resided in Anchorage her entire life. Her entire extended family also lives in Anchorage, including her mother and sister and extended family. The defendant did not graduate from high school, but she does hold a GED. She has been employed as a residential real estate manager. She does not currently have any substance use disorders or addiction issues.

The defendant's law enforcement contacts and convictions mostly date from a series of theft and fraud cases from 2010, when she was 21 years old, and a few from 2016, now, almost ten years ago. Although she had some failure to appear notices and probation violations from the 2010 cases, in her most recent reckless driving case in 2016, she had no violations, and she successfully completed a year of probation. She has no prior drug possession or drug trafficking arrests or convictions. In short, she has no criminal history within the last nine years, and her history over time shows improvement with complying with court ordered obligations.

This factor weighs in favor of the defendant's release because she does not have any significant recent criminal history, and she has longstanding ties to the community and significant family support.

### c) No remaining risk to the community

The proposed release plan mitigates against any remaining risk to the community by placing the defendant under conditions of accountability and monitoring. In addition to reporting to a probation officer, the defendant is proposing electronic monitoring, some limitations on activities outside her residence, and a third-party custodian. The defendant also has strong incentives to comply with all court ordered conditions so that she can once again be with her young child.

### Conclusion

Therefore, the defendant respectfully submits that she has met her burden of production on the presumption of detention, and she has presented to the court a combination of conditions that will reasonably assure her appearance as required and the safety of any other person and the community.

Dated: September 1, 2025

s/ Sandy D. Baggett
Sandy D. Baggett, WSBA #54320
P.O. Box 1069
Spokane, WA 99201
(509) 822-9022

**Service Certificate**

I certify that on September 1, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will notify Assistant United States Attorneys: Charles Cody Tirpak and Seth M. Beausang.

<u>s/ Sandy D. Baggett</u>
Sandy D. Baggett, WSBA #54320
P.O. Box 1069
Spokane, WA 99201
sandy@sandybaggett.com
(509) 822-9022