| | | | |
|---|---|---|---|
| PS 8 (Rev. 12/04) | | | |

# UNITED STATES DISTRICT COURT
for the
District of Alaska

Petition for Action on Conditions of Pretrial Release

| | | | |
|---|---|---|---|
| **Name of Defendant:** | Chantel Lynn Fields | **Case Number:** | 3:25-CR-00050-001-SLG-KFR |
| **Name of Judicial Officer:** | Honorable Kyle F. Reardon, Chief United States Magistrate Judge | | |
| **Date of Pretrial Release:** | September 9, 2025 | | |
| **Charges:** | Count 1: Conspiracy to Maintain Drug Involved Premises in violation of Title 21 U.S.C. §§ 856(a)(1) and 846 | | |
| **Case Status:** | Pending trial | | |
| | Charles Cody Tirpak I | | |
| **Assistant U.S. Attorney:** | Seth M. Beausang | **Defense Attorney:** | Sandy Baggett |

## PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons
☐ No warrant or summons to be issued.
☐ No further action to be taken

The pretrial services officer believes the defendant has violated the following condition(s) of pretrial release:

| Violation Number | Nature of Non-compliance |
|---|---|
| 1 | The defendant violated the pretrial services release condition "The defendant must avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Co-defendant Kyoung Soo Seo and all individuals identified by the United States as victims and/or witnesses," in that between September 11, 2025, through September 24, 2025, the defendant had contact with Jemond Tate on 62 occasions. |

**DECLARATION AND RECOMMENDATION:**

On September 9, 2025, the defendant appeared before the Honorable Kyle F. Reardon, Chief U.S. Magistrate Judge for a Continued Detention Hearing and was ordered released with conditions to include a 24/7 third party custodian and no contact with co-defendant Kyoung Soo Seo and all individuals identified by the United States as victims and/or witnesses.

On September 11, 2025, the government sent a list of potential victims or witnesses to this officer and defense counsel for the defendant. Among the list of names included was Jemond Tate.

On October 21, 2025, this officer received 82 jails calls from local law enforcement in this case. The jail calls were made by Jemond Tate, who was in custody at that time. The jail calls received by this officer included calls beginning on September 11, 2025, through September 25, 2025.

This officer reviewed the jail calls and determined 61 calls were made directly to the defendant's phone number and one call was made to the defendant's primary third-party custodian, Megan Cartwright. The calls range in length from approximately two minutes to fifteen minutes. In the calls, the defendant and Mr. Tate discuss a variety of topics to include the instant offense, the defendant's conditions of release, and the motion and respective order issued by the Court filed at Dkt. 45 and Dkt. 48. Of particular concern is that many of these phone calls occurred in the presence of the defendant's primary third-party custodian and include conversations related to the search warrant and investigation of this case.

The defendant is assessed as a Pretrial Risk Assessment Category Five.

The defendant is assessed as a risk of nonappearance based on the following factors:
- Offense Charged and/or Defendant's Conduct During Arrest for Instant Offense
- Substance Abuse History
- Criminal History Include Record of Failure to Appear (3)
- Aliases or False Identifications
- Criminal Activity While Under Supervision
- History of Failure to Appear
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance
- Criminal History
- Lack of Verified Information

The defendant is assessed as a danger to the community based on the following factors:
- Nature of Instant Offense
- Prior Arrests and Convictions
- Substance Abuse History
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance
- Criminal Activity While Under Supervision
- Criminal Association
- History/Charge Involving Use of Computer to Facilitate Alleged Offense
- History of Weapons Use
- Patter of Similar Criminal Activity History
- Safety Concerns for the Community or a Specific Individual
- Criminal History
- Lack of Verified Information

The defendant violated her conditions of release over 60 times by communicating with Jemond Tate prior to the no-contact order being amended. This violation is especially concerning given she has a live third-party custodian requirement and that third-party custodian, Ms. Cartwright, failed to notify this officer of the violations.

**It is respectfully recommended a Summons be issued for the defendant to appear to address the above noted violations.**

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 4th day of November at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully submitted,

*Eva Barbee*

Eva Barbee
U.S. Probation Officer
November 4, 2025

Approved by:

*Kyle Mansfield*

Kyle J. Mansfield
Supervisory U.S. Probation Officer